# United States District Court
## for the
# Southern District of New York
## Related Case Statement

---

### Full Caption of Later Filed Case:

Michael McKenzie,
individually and doing business as
American Image Art, an unincorporated
dba

**Plaintiff**

vs.

Artists Rights Society, Inc. and
Janet Hicks,

**Defendant**

**Case Number**

1:22-cv-01619

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Morgan Art Foundation, Limited,

**Plaintiff**

vs.

Michael McKenzie, American Image Art,
Jamie Thomas, and James W. Brannan as
Personal Representative of the Estate of
Robert Indiana,

**Defendant**

**Case Number**

18-cv-04438-AT-BCM

Status of Earlier Filed Case:

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open    (If so, set forth procedural status and summarize any court rulings.)

Plaintiff Morgan Art Foundation settled the claims involving James Thomas and the Estate of Robert Indiana. The remaining claims and counterclaims are between Morgan and Defendant Michael McKenzie. At this time, discovery is closed and Morgan has a pending motion seeking terminating sanctions against McKenzie which is set for oral argument on March 1, 2022.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

    The earlier filed case, No. 18-cv-04438-AT-BCM concerns the late American artist Robert Indiana, the legal rights to his intellectual property and artistic legacy, and related disputes. Plaintiff MAF claims it acquired the exclusive right to reproduce, fabricate, and market a variety of Robert Indiana artworks – including his well-known LOVE image and sculpture – by virtue of a series of agreements it entered into with the artist beginning in 1999. MAF asserts it has worked together with the Artists Rights Society and Janet Hicks (defendants in this new action) to properly enforce the rights Indiana conveyed to MAF by removing unauthorized reproductions of Indiana's works from the market. MAF alleges that McKenzie infringed its intellectual property rights and committed related torts by publishing new artworks based on works protected by MAF's agreements with Indiana.
    McKenzie claims an exclusive right to create and market certain Indiana artworks, including the HOPE image and sculpture, as well as additional works authorized by Indiana through both written and oral contracts and he seeks declaratory judgment that he did not infringe MAF's alleged copyrights and that his works are not forgeries, and damages for defamation and slander of title. McKenzie sought to amend his counterclaims in the earlier case to include a claim for non-infringement of copyright on the theory that Indiana's LOVE and other works are in the public domain and a proposed claim that MAF falsely registered LOVE as a protectable mark, and promoted LOVE in direct competition with HOPE thereby impermissibly diminishing HOPE's market value as second to LOVE, based on a fraudulently gained exclusivity. McKenzie was denied leave to amend his claims against MAF as untimely in the earlier case.
    The present new case is against different parties - ARS and Hicks - but claims that they continue to fraudulently claim and market a copyright to Indiana's LOVE image, working under the contracts of non-party MAF, in ongoing violation of the Lanham Act and RICO statute, causing injury to McKenzie, and are thus related.

Signature: /s/ John J.E. Markham, II          Date: 2/27/2022

Firm: Markham Read Zerner LLC
One Commercial Wharf West, Boston, MA 02110