IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated d/b/a,<br><br>    Plaintiff,<br><br>    v.<br><br>ARTISTS RIGHTS SOCIETY, INC., and JANET HICKS,<br><br>    Defendants. | CIVIL NO. 1:22-cv-01619-MKV |

**REPLY TO OPPOSITION
TO PLAINTIFF'S MOTION FOR DEFAULT**

Defendants are just wrong in accusing undersigned and Plaintiff Michael McKenzie of filing "blatantly misleading documents" (ECF 14, p. 1), of "dishonest tactics" (*id*., p. 2), of "playing fast and loose" (*id*., p. 4), that service was "misrepresented" (*id*., p. 5), and that Plaintiff should potentially face sanctions for filing "two false affidavits" (*id*., p. 6). We set out next the facts surrounding service and how there is no basis for Defendants to make such accusations. But first, we advise this Court that Plaintiff does not oppose a 30-day extension of time for Defendants to file their responsive pleading so the claims can be addressed on the merits. And we would have agreed to the same if defense counsel had just taken a minute to contact undersigned upon learning of the pending default request rather than choosing the course he did. *See,* Declaration of John Markham (describing prior communications with Defendants' counsel concerning this case and showing that they had spoken about the merits of this case before it was filed).

1

As to Defendants' claim that we filed false affidavits and the implication that McKenzie was involved: first, McKenzie had nothing to do with arranging service on Defendants, he had no contact with the process server or the company. *See,* Declaration of Michael McKenzie. Second, attorney Bridget Zerner, who arranged service, had no description for Janet Hicks at the time she arranged service through the process service company and gave no description to the process server. *See*, Declaration of Bridget Zerner and Exhibit A. Third, our firm was provided sworn affidavits from a licensed process server for a company that represents it has many years of experience in the industry and uses licensed and bonded workers. Zerner Dec., ¶¶2-9, Exhibit A; *see also*, https://www.unitedprocess.com/about-us/our-team/.

We had no reason to question the sworn affidavits we were provided along with three different confirmations of service. Zerner Dec., ¶¶7-10; Exhibit A. Furthermore, neither McKenzie nor undersigned gave any physical description of Janet Hicks to the process service company or individual process server and yet the process server provided a sworn statement that he served a blonde, middle aged, white woman which apparently matches the description of Janet Hicks, according to our client Mike McKenzie who sat next to her at a lengthy deposition as he explains in his declaration, even though she claims she was not at the office on the date of service stated. *See,* McKenzie Declaration.

Even if Hicks was not the person served and it was another employee at the Artists Rights Society office, both Defendants have been properly served, so this case should move forward on the merits (and without further unjustified name-calling and personal attacks).

ARS was served through its employee. *See,* Rule 4(h), Fed. R. Civ. P. (corporation may be served by following state law where served or by serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process);

2

*Bldg. Serv. 32BJ Health Fund v. Facilities Source Corp.*, No. 19-CV-11343 (PKC), 2021 WL 5644345, at *1–2 (S.D.N.Y. Nov. 30, 2021) (Castel, J.) ("[C]ourts in the Second Circuit and in New York have held that a corporation is sufficiently served where an employee of the corporation with apparent authority to accept service did so, so long as the process server diligently attempted to comply with the rules of service and the manner of service gave the corporation fair notice of the lawsuit." [internal citations omitted])

Janet Hicks was also served either personally or properly through an agent. *See,* Rule 4(e), Fed. R. Civ. P. (individual may be served by following state law where served or serving personally or through agent); *Bldg. Serv. 32BJ Health Fund, supra,* 2021 WL 5644345 at *2 ("Service on an individual may be effected through service on them personally or through an agent authorized by appointment or law to receive service. Rule 4(e)(2), Fed. R. Civ. P.; Rule 4(d)(1), Mass. R. Civ. P.; CPLR 308(1). Service also may be effected by delivering the summons to a person of suitable age and discretion at the individual's actual place of business. CPLR 308(2).)

The allegations of Defendants should be disregarded and a responsive pleading should be ordered filed in 30 days.

Date: June 30, 2022                             Respectfully submitted,

/s/ *John J. E. Markham, II*
John J. E. Markham, II (JM4744)
MARKHAM READ ZERNER LLC
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617)742-8604
*jmarkham@markhamreadzerner.com*

<u>Certificate of Service</u>

    I hereby certify that this document and attachments were filed through the CM/ECF system and will be sent electronically to the registered participants as identified and paper copies will be sent to any indicated as non-registered participants on June 30, 2022.

                                        <u>/s/ *John J. E. Markham, II*</u>
                                        John J. E. Markham, II