# MARKHAM READ ZERNER LLC

www.markhamreadzerner.com

| | |
|---|---|
| 11A Commercial Wharf West | 908 Main Street/P. O. Box 697 |
| Boston, Massachusetts 02110 | Waldoboro, Maine 04572 |
| T. (617) 523-6329 | T. (207) 790-8049 |
| F. (617) 742-8604 | F. (207) 790-8050 |

February 10, 2023

**VIA ECF**

Honorable Jennifer H. Rearden
United States District Judge
United States District Court, SDNY
Daniel Patrick Moynihan U.S. Courthouse, Courtroom 12B
500 Pearl Street
New York, NY 10007-1312

RE:     *Michael McKenzie, individually and doing business as American Image Art,*
           *v. Artists Rights Society, Inc., et al,* Case 1:22-cv-01619-JHR

Dear Judge Rearden:

Counsel for Plaintiffs and Defendants named below have conferred and are jointly filing this letter in accordance with your direction that we address the matters listed below. Each matter listed is followed by our discussion of it.

### 1.  The names of counsel and current contact information

Attorneys for Plaintiff Michael dba American Image Art, are:

John J. E. Markham, II (JM4744)
Bridget A. Zerner (BZ2582)
MARKHAM READ ZERNER LLC
11A Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617)742-8604
jmarkham@markhamreadzerner.com
bzerner@markhamreadzerner.com

Attorneys for Defendants Artists Rights Society, Inc. ("ARS"), and Janet Hicks ("Hicks"; together with ARS, "Defendants") are:

Scott J. Sholder, Esq.

Honorable Jennifer H. Rearden
RE: 22 Civ. 1619 (JHR)
February 10, 2023
Page 2

Benjamin S. Halperin, Esq.
COWAN DEBAETS ABRAHAMS & SHEPPARD, LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: (212) 974-7474
Fax: (212) 974-8474
Email: ssholder@cdas.com

Counsel for Morgan Art Foundation, Simon Salama-Caro, and Phillippe Grossglauser:

Luke Nikas
Maaren A. Shah
Ryan Rakower
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
lukenikas@quinnemanuel.com
maarenshah@quinnemanuel.com
ryanrakower@quinnemanuel.com

The immediately foregoing defendants have not yet appeared. Plaintiff assumes that the above-referenced counsel are going to appear because they have appeared in previously and still pending litigation between Plaintiff and Morgan Art Foundation, Inc. As explained in Plaintiff McKenzie's Opposition to Defendants 12(b)(6) motion: The Amended Complaint added Morgan as a party, and it has not yet been served. McKenzie initially sued only defendants ARS and Hicks, doing so on February 27, 2022 (Dkt. No. 1). After some procedural skirmishing about the effectiveness of service, Defendants' counsel agreed that ARS would accept service of the summons and complaint and the parties agreed to a schedule so ordered by the Honorable Mary Kay Vyskocil, whereby McKenzie would amend his complaint by December 16, 2022, Defendants would respond within 14 days and, if they moved to dismiss, the parties would brief the motion as governed by the Rules as to timing.  The Amended Complaint adds Morgan and its principal officers as defendants and invited Morgan's counsel to accept service. We received no response and they have not appeared. Of course, if we prevail against Defendants' motion to dismiss, the other defendants will be promptly served.

## 2.   A brief statement of the nature of the claims and the principal defenses

This action alleges that the Defendants fraudulently asserted in advertising they owned a copyright to LOVE, a famous image of a now deceased artist Robert Indiana in violation of the Lanham Act, 15 U.S.C. § 1125(a) *et seq;* that this false advertising was fraudulent, inducing many to pay royalties to Defendants based on the belief that Defendants owned this copyright when they dd not; and because these royalty payments

were sent to Defendants by the U.S. mail and by interbank wire communications transmitted in interstate commerce, Defendants have engaged in repeated mail fraud, wire fraud and money laundering in furtherance of that fraud, all in violation of the RICO statute, 18 U.S.C. §1961, *et seq.*

Defendants have not yet answered because they have made a motion to dismiss the Amended Complaint. Defendants assert that Plaintiff's claims are untimely (the RICO claims under the statute of limitations and the Lanham Act claims under the doctrine of laches), and that Plaintiff fails to state a claim under the Lanham Act and the civil RICO statute in light of significant shortcomings in plausibly pleading material elements of each of these claims notwithstanding Plaintiff's amendment of his pleading.

### 3.   A brief explanation of why jurisdiction and venue lie in this Court

There is subject matter jurisdiction over the claims alleged in this action because they arise under the laws of the United States within the meaning of 28 U.S.C. § 1331, *i.e.,* the federal Lanham Act and RICO statutes cited just above. Venue lies within this District because a substantial part of the events or omissions giving rise to the claims occurred in this District, within the meaning of 28 U.S.C, §1391(b)(2).

### 4.   A statement of all existing deadlines, due dates, and/or cut-off dates

None, other than that the unserved defendants need to be served within 90 days from the date of the filing of the Amended Complaint (December 22, 2022) which is by March 22, 2023. It will be served before the deadline.

### 5.   A statement of any previously scheduled conferences or arguments with the Court that have not yet occurred, and the matters that were to be addressed;

No such conferences have been set.

### 6.   A brief description of any outstanding motions, including the date such motions were filed and the nature of the relief sought

Defendants have made a motion to dismiss under Rule 12(b)(6) (Dkt. No. 26), Plaintiff has filed his opposition (Dkt . No. 30) and Defendants have replied (Dkt. No. 31). The motion is pending and fully briefed as of February 13, 2023.

### 7.   A statement and description of any pending appeals

No appeals are pending.

### 8.   A detailed statement of all discovery to date, including the number of

> **depositions taken by each party and any remaining discovery that is essential in order for the parties to engage in meaningful settlement negotiations**

No discovery has been undertaken and the Defendants  request that discovery be stayed pending this Court's decision on the pending 12(b)(6) motion and Plaintiff does not oppose that request.

**9. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands**

No settlement discussion have as yet been undertaken, except for a very brief discussion and email exchange between counsel prior to the filing of the lawsuit that did not yield results.

**10. A statement of whether the parties have discussed employing alternative dispute resolution mechanisms and whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) the retention of a private mediator would be productive and, if so, when (*e.g.*, within the next 60 days, after the deposition of the plaintiff is completed, at the close of fact discovery, etc.)**

 None of these options has yet been discussed.

**11. An estimate of the length of trial;**

Plaintiffs believe that the trial will take five to seven trial days. Defendants do not take a specific position, but do not disagree with Plaintiff's estimate.

**12. Any other information that the parties believe may assist the Court in advancing the case, including, but not limited to, a description of any dispositive or novel issue raised by the case**

No such matters are seen by the parties at this time.

Respectfully submitted,

MARKHAM READ ZERNER LLC

*/s/ John J. E. Markham, II*
John J. E. Markham, II
Attorney for Plaintiff Michael McKenzie

Honorable Jennifer H. Rearden
RE: 22 Civ. 1619 (JHR)
February 10, 2023
Page 5

COWAN DEBAETS ABRAHAMS &
SHEPPARD, LLP

*/s/ Scott J. Sholder, Esq.*
Scott J, Sholder, Esq.
Attorney for Defendants
Artists Rights Society, Inc. and Janet Hicks